THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL MOSCOT, Defendant.

Court of General Sessions, New York County, July 5, 1933.

*John J. Bennett, Jr., Attorney-General,* and *Sol Ullman, Assistant Attorney-General,* for the plaintiff.

*Samuel Stern,* for the defendant.

FRESCHI, J. The defendant moves that a certificate be granted by this court certifying that it is reasonable because of exceptional circumstances to prosecute the charges against him by indictment in the Court of General Sessions. (Inf. Crim. Cts. Act, § 31.) The information filed by the Attorney-General of the State of New York in the Court of Special Sessions, where the case is now pending, charges the defendant with the crime of practicing optometry without lawful authorization, license, registration and exemption, in violation of section 1433 of the Education Law. The defendant avers that these charges are false and perjurious, and that they are inspired by a competitor in business. He claims: *First,* that property rights are involved; *second,* that the trial of this case in the Court of Special Sessions would place in jeopardy such rights; and, *third,* that the defendant under the circumstances cannot obtain substantial justice and a fair trial in the Court of Special Sessions.

Considering these grounds in their reverse order, I must most emphatically disagree with the claim of the defendant that he cannot obtain a full and fair trial in the Court of Special Sessions. As to the first and second grounds he urges that a conviction for violating section 1433 of the Education Law would automatically work " a preclusion against the defendant's employing an optometrist, and that no optometrist could legally work for defendant." My interpretation of the section is that it would be illegal for an optometrist to continue in the employ of any firm, person or corporation, either directly or indirectly, violating regulations made and issued under this law after such optometrist has full knowledge of any existing violation. While it may be true that an optometrist is, as the defendant claims, the very life blood of his business, I find no law or regulation which prevents the defendant, an optician, employing a duly licensed optometrist whose right to remain in such employ cannot be questioned, provided that the business of the optician is conducted during such employment of the optometrist without any violation of this particular statute. I am of the opinion that a previous violation does not bar a duly licensed optometrist from accepting employment as such with the defendant if the defendant's business be at the time and thereafter legally conducted. I see no property rights involved here or consequences such as are indicated by the defendant resulting from a conviction if one were to be had in this case. Subdivision 7 of the regulations governing the practice of optometry reads as follows: " The continuance of an optometrist in the employ of or acting as an assistant to any firm, person or corporation, either directly or indirectly, after he has full knowledge that such firm, person or corporation is in violation of these regulations." I agree with the learned Assistant Attorney-General who opposes this motion and contends that the regulations 1 to 7, inclusive, contained in the handbook No. 28 of the Department of Education, deal with the ethics of licensed optometrists, and that these regulations make no mention of and have absolutely nothing to do with the conviction of an unlicensed practitioner. They deal with a licensed optometrist who knowingly practices in association with those who violate these ethical regulations. In such case the former would be equally guilty of a violation thereof, and his conduct would constitute a fraud and deceit within the contemplation of the statute under consideration. It would be stretching the meaning of these regulations beyond proper bounds to hold that the conviction of an optician for unlawfully practicing optometry would forever after bar him from employing an optometrist, and that any optometrist would be barred from being employed by an optician. But if the defendant

were convicted and thereafter obeys the law and does not unlawfully practice optometry I hold that he may employ licensed optometrists who can legally and properly work for him without fear of charges being brought against them. Such a conviction would not deprive the optician of the services of licensed optometrists, and he may continue his business and will suffer no loss by impairment of his property rights provided he refrains from unlawfully practicing optometry. *People* v. *Bloom* (Court of General Sessions, January, 1931, by LEVINE, J.), cited in support of this motion, presents a totally different set of facts from the case at bar.

I must deny this application. Order made accordingly.